IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2014 JUN -5  P 4: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE K. LEE, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office, serving in the acting capacity as Director of the United States Patent and Trademark Office; and the UNITED STATES PATENT AND TRADEMARK OFFICE,<br><br>Defendants. | Civil Action No. 14- CV 674<br>JLC/ IDD<br>**COMPLAINT OF SYNOPSYS, INC. UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

Plaintiff Synopsys, Inc. ("Synopsys"), by its undersigned counsel, hereby submits this Complaint against Defendant Michelle K. Lee, in her official capacity as Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office ("Deputy Director"), and in her acting capacity as Director of the United States Patent and Trademark Office, and Defendant United States Patent and Trademark Office, and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action, brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, challenging 37 C.F.R. § 42.108 and the policy, pattern and practice of the Director of the United States Patent and Trademark Office and the United States Patent and Trademark Office ("Director") and the Patent Trial and Appeal Board ("Board") of

partially granting petitions for *inter partes* review, and issuing final written decisions that reach some, but not all, of the claims asserted in the petition for *inter partes* review.

2.  Though contrary to statute, the regulations of the United States Patent and Trademark Office ("USPTO") purport to authorize the Board to grant review limited to a subset of the claims identified in an *inter partes* review petition. 37 C.F.R. § 42.108. The governing statutes, however, mandate granting or denying an *inter partes* review petition as a whole and then, if granted, considering it as a whole, so long as a reasonable likelihood that the petitioner would prevail is found as to one challenged claim. *See* 35 U.S.C. § 314(a), 318(a).

3.  That the *inter partes* review must be granted or denied as to the whole petition is confirmed by 35 U.S.C. § 318(a). That provision unambiguously states that if *inter partes* review is granted, the Board must issue a final written decision as to the "patentability of *any patent claim challenged by the petitioner*," not some subset of those claims. 35 U.S.C. § 318(a) (emphasis added). The Board violates this statute on a regular basis by issuing final written decisions that reach some, but not all, of the claims asserted in a petition for *inter partes* review.

4.  The regulation and the established policy and practice of granting partial review and then refusing to issue a final written decision as to all of the claims raised in the petition violates the clear terms of the statute and is thus contrary to law. 5 U.S.C. § 706.

## THE PARTIES

5.  Plaintiff Synopsys, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

6.  Defendant Michelle K. Lee is Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office ("USPTO"). Ms. Lee is also serving in the acting capacity as Director of the United States Patent and

Trademark Office. *See* USPTO Press Release No. 13-39 (Dec. 11, 2013),

http://www.uspto.gov/news/pr/2013/13-39.jsp.  Ms. Lee is sued in her official capacity as

Deputy Director and in her acting capacity as Director of the USPTO.

7.   Defendant USPTO is a federal agency within the Commerce Department and

is headquartered in Alexandria, Virginia.

## JURISDICTION AND VENUE

8.   This Court has jurisdiction over this APA action pursuant to 28 U.S.C. §§ 1331, 2201.

*See Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000) ("28 U.S.C. § 1331 serves

as the jurisdictional basis for federal courts 'to review agency action'" (quoting *Califano v.

Sanders*, 430 U.S. 99, 105 (1977)).

9.   Venue is proper in this Court pursuant 28 U.S.C. § 1391(e)(1)(A).

10.   Sovereign immunity of the government is waived by 5 U.S.C. § 702. *See Bowen v.

Massachusetts*, 487 U.S. 879, 891-92 (1988) ("§ 702 was intended to broaden the avenues for

judicial review of agency action by eliminating the defense of sovereign immunity in cases

covered by the amendment").

11.   Jurisdiction is appropriate under the APA and § 1331 because "there is no other adequate

remedy." 5 U.S.C. § 704.  The Federal Circuit has jurisdiction only to review the Board's final

written decision after the grant of *inter partes* review. 35 U.S.C. §§ 141(c), 319.  The Federal

Circuit has consistently held that its review is limited to the final written decision of the Board and

will not address a decision of the Board not to institute review. *See, e.g., St. Jude Medical v.

Volcano Corp.*, No. 2014-1183 (Fed. Cir. April 24, 2014).

12.   Review under the APA by this Court is unaffected by 35 U.S.C. § 314(d).  That section

states that the Director's decision whether to "institute *inter partes* review ... shall be final and

nonappealable." In the present action, however, Plaintiff Synopsys is not seeking review of the merits of any decision to institute or deny such review. Rather, Plaintiff Synopsys is challenging the USPTO's processes, namely its established policy and practice of, contrary to the statute, granting petitions in part and then, when such review is only granted in part, issuing final determinations addressing only a subset of a petitioner's claims and then issuing final written decisions that reach some, but not all, of the claims challenged in the petition for *inter partes* review. APA review is appropriate for challenges to an agency's process, including here the USPTO's regulations and policies that violate the statutory mandate to grant or deny *inter partes* review petitions as a whole and to issue final written decisions that address all of the claims challenged in the petition for *inter partes* review. *See McNary v. Haitian Refugee Ctr., Inc.,* 498 U.S. 479 (1991) (distinguishing between suits that challenge agency practices and policies in processing certain applications from claims seeking review of the merits of the agency's determination of a claim); *Bowen v. Michigan Academy,* 476 U.S. 667 (1986) (there is a "strong presumption" in favor of APA review; even though Congress precluded such review of the merits of a claim, a court could properly hear a challenge to the process used under the APA).

## FACTUAL BACKGROUND

13. The USPTO issued U.S. Patent No. 6,240,376 ("the '376 patent") on May 29, 2001.

14. Mentor Graphics, a company that provides tools to help companies design circuits, is listed as the assignee of the '376 patent.

15. On September 26, 2012, Synopsys petitioned the Director to institute *inter partes* review of the '376 patent pursuant to 35 U.S.C. §§ 311-319, challenging claims 1-15 and 20-33 of the patent as invalid due to anticipation (lack of novelty) and obviousness.

16. On February 22, 2013, the Board, acting on behalf of the Director, issued an "Institution of *Inter Partes* Review Decision," granting *inter partes* review in regard to the Synopsys petition. The Board found that Synopsys had "a reasonable likelihood of prevailing on its challenge to the patentability" of claims 1-9, 11, 28, 29 of the '376 patent and therefore instituted an *inter partes* review proceeding. *See* Exhibit A, Case No. IPR2012-00042, paper 16.

17. The Board, however, declined to institute proceedings in regard to claims 10, 12-15, 20-27, and 30-33 challenged in Synopsys' petition ("non-instituted claims"). *Id.*

18. Approximately one year later, on February 19, 2014, after conducting the proceeding on its selected subset of challenged claims, the Board issued a final written decision regarding the Synopsys petition. *See* Exhibit B, Case No. IPR2012-00042, paper 60. The Board cancelled claims 5, 8, and 9, finding that those claims were unpatentable as anticipated. *Id.* The Board did not cancel claims 1-4, 6, 7, 11, 28, and 29, because, in its judgment, Synopsys had not demonstrated the claims were unpatentable. *Id.*

19. Contrary to the requirements of 35 U.S.C. § 318(a), the Board's final written decision did not include any decision regarding the patentability of the claims that Synopsys had challenged but for which the Board had not instituted proceedings (specifically, the non-instituted claims: claims 10, 12-15, 20-27, and 30-33). Exhibit B.

20. Had all of the challenged claims in its petition for *inter partes* review been addressed in the Board's final written decision, as required by statute, Synopsys would have been able to seek judicial review in the Federal Circuit as to all of the challenged claims.

21. Though not permitted by statute, the USPTO regulations purport to authorize the Board to grant *inter partes* review limited to a subset of the claims identified in an *inter partes* review petition. 37 C.F.R. § 42.108 (a) ("When instituting *inter partes* review, the Board may authorize the review to proceed on all or some of the challenged claims and on all or some of the

grounds of unpatentability asserted for each claim"). *See also* 37 C.F.R. § 42.108 (b) ("At any time prior to institution of *inter partes* review, the Board may deny some or all grounds for unpatentability for some or all of the challenged claims. Denial of a ground is a Board decision not to institute *inter partes* review on that ground").

22.  The Board has exhibited a firmly established pattern and practice of granting only a subset of the claims challenged in petitions for *inter partes* review, and then omitting claims challenged by the petitioner from final written decisions.  Such partial grants of review and omission of claims from the final written decisions issued by the Board are common practice. As of May 1, 2014, out of 368 instituted *inter partes* reviews, 101 involved partial grants of review. *See* America Invents Act Roundtable, May Update (May 3, 2014) at 25. http://www.uspto.gov/ip/boards/bpai/ptab roundtable slides 4.13.14.pdf.

## COUNT I
### (Violation of 5 U.S.C. § 706(2)(C))

23.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

24.  The Board's issuance of a final written decision in IPR2012-00042 on February 19, 2014 constitutes final agency action of the USPTO within the meaning of 5 U.S.C. § 704.

25.  There are no relevant available administrative remedies that Synopsys has not exhausted with respect to the claims the Board refused to hear.

26.  The Leahy-Smith America Invents Act ("AIA") establishes that the Director may institute *inter partes* review if it "determines that the information presented in the petition ... shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). Thus, review may be granted to a petition as whole once the Director, or the Board acting on behalf of the Director, determines that there is a reasonable likelihood that the petitioner would prevail with respect to

at least one challenged claim. There is no provision to grant petitions in part as to only subsets of challenged claims.

27.   That the Director, or the Board acting on behalf of the Director, has no statutory authority to grant petitions in part as to only subsets of the challenged claims is confirmed by another AIA provision. The AIA requires that if *inter partes* review is instituted, the Board must issue "a final written decision with respect to the patentability of ***any patent claim challenged by the petitioner***." 35 U.S.C. § 318(a) (emphasis added). Thus, Congress clearly contemplated that if review is granted as to a petition (upon finding that there is a reasonable likelihood that the petitioner would prevail with respect to at least one claim), then the Board must issue a final written decision addressing the patentability of all of the patent claims challenged in the petition.

28.   In addition to causing the Board to grant review and issue final decisions that cover only a subset of the claims challenged by a petitioner, contrary to the clear language of the statute, the policy of issuing partial grants of review leads to other inconsistencies and adverse consequences. For example, the Board generally adopts a particular claim construction for purposes of rendering the decision to institute *inter partes* review. As demonstrated in its adjudication of the recent petition filed by Synopsys, however, the Board often changes that claim construction based on arguments advanced during the course of the *inter partes* review. A non-instituted claim, rejected prior to the institution of review (under the Board's partial review approach), may turn out to have had substantial merit under the Board's later adopted claim construction. Thus, the Board's partial review policy can result in prejudicial inconsistencies. In contrast, the full petition review mandated by statute avoids such inconsistencies.

29.   Synopsys challenged claims 1-15 and 20-33 of the '376 patent in its petition. The Board instituted *inter partes* review having determined that Synopsys had a reasonable likelihood of

prevailing as to twelve (12) claims—far more than the at least one claim required for institution of *inter partes* review by statute.

30.   The Board, however, acted contrary to the clear statutory language and exceeded its statutory authority when it instituted review only as to some of the claims challenged in the petition. Under 35 U.S.C. §§ 314(a), 318(a), the Board was required to institute *inter partes* review of the petition as a whole once it determined that Synopsys had a reasonable likelihood of success as to at least one claim challenged in the petition and then issue a written decision that addresses the patentability of all of the claims challenged by the petitioner, not just a subset of those claims.

31.   The Board's partial grant of the petition and its subsequent the failure to address the patentability of all of the claims challenged by Synopsys in its final written decision was not mere oversight. To the contrary, it is the result of an established policy and practice and a regulation purporting to permit the partial grants of petitions for *inter partes* review and the issuing of final written decisions that fail to address all of the claims challenged by the petitioner.

32.   Pursuant to § 706(2)(C), this Court may declare unlawful agency actions, regulations and policies that exceed the powers or limits established by statute. That is precisely the case here. The regulation purporting to authorize the partial grant of *inter partes* review petitions, 37 C.F.R. § 42.108, is contrary to statute and should be declared unlawful. Likewise, the Board's policy and practice of partially granting petitions for *inter partes* review and then issuing final written decisions that fail to address all of the claims challenged by a petitioner, exceed the Board's statutory jurisdiction, authority or limitations, and are without statutory right. Accordingly, these policies and practices should also be declared unlawful.

## COUNT II
### (Violation of 5 U.S.C. § 706(2)(C))

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

34. Whether or not the Board is empowered to grant an *inter partes* review petition in part, under 35 U.S.C. § 318(a), the Board is unambiguously required to issue a final written decision as to the patentability of all of the claims challenged by the petitioner, not just a subset of those claims. Contrary to the requirements of § 318(a), the Board, however, refuses to address the patentability of the non-instituted claims in its final written decision.

35. Consistent with that practice, the Board failed to provide a final written decision as to the patentability of claims 10, 12-15, 20-27, and 30-33, all of which were challenged by Synopsys in its petition to institute *inter partes* review. This violated the statutory requirement of rendering a final written decision as to the patentability of all challenged claims and also permitted the Board to apply different claim constructions to different claims challenged by Synopsys in the very same petition.

36. Pursuant to § 706(2)(C), this Court should declare unlawful Board's policy and practice of issuing final written decisions that fail to address all of the claims challenged by a petitioner.

## COUNT III
### (Violation of 5 U.S.C. § 706(2)(A))

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

38. Pursuant to 5 U.S.C. § 706(2)(A), this Court may declare unlawful agency actions and policies that are arbitrary, capricious or otherwise contrary to law. Both the regulation purporting to authorize the partial grant of *inter partes* review petitions, 37 C.F.R. § 42.108, and

the Board's policy and practice of partially granting petitions for *inter partes* review and issuing final written decisions that fail to address all of the claims challenged by the petitioner are arbitrary, capricious and otherwise not in accordance with law. The statute mandates that the Director grant petitions as a whole if the Director determines that there is at least one claim that has a reasonable likelihood of success. Further, the AIA mandates that the Board issue a final written decision regarding all of a petitioner's challenged claims, not merely a subset of the claims challenged in the petition. The regulation purporting to authorize the partial grant of *inter partes* review petitions, and the Board's established policy and practice of partially granting petitions for *inter partes* review and issuing final written decisions that fail to address all of the claims challenged by the petitioner, are contrary to the express terms of the AIA and should be declared unlawful.

## COUNT IV
### (Violation of 5 U.S.C. § 706(2)(D))

39. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

40. Pursuant to 5 U.S.C. § 706(2)(D), this Court may declare unlawful agency actions and policies that are contrary to law and which refuse to observe "procedure required by law." This Court should exercise its authority under § 706(2)(D) and hold 37 C.F.R. § 42.108 invalid to the extent it purports to authorize the partial grant of *inter partes* review petitions. Likewise, the Court should declare unlawful the Board's policy and practice of partially granting petitions for *inter partes* review and refusing to issue written decisions regarding all of the claims challenged by the petitioner as required by statute, 35 U.S.C. § 318(a) .

### PRAYER FOR RELIEF

**WHEREFORE,** based on the clear violation of the statutory mandate, Plaintiff requests that this Court issue an order:

1. Declaring invalid and unlawful 37 C.F.R. § 42.108 to the extent it purports to authorize the partial grant of *inter partes* review petitions;

2. Declaring unlawful the Board's policy and practice of partially granting petitions for *inter partes* review and issuing final written decisions that fail to address all of the claims challenged by a petitioner;

3. Ordering the Director and the Board when it acts on behalf of the Director, to grant or deny review to *inter partes* review petitions as a whole;

4. Ordering the Board to issue final written decisions with respect to the patentability of all claims challenged by a petitioner when *inter partes* review is granted; and

5. Further ordering the Board to institute an *inter partes* review and issue a final written decision with respect to the patentability of all claims challenged by Synopsys in its petition for *inter partes* review.

Dated: June 5, 2014                          Respectfully submitted,

                                             By:  _James  w  B____

                                                 James Burke
                                                    VA Bar No. 76551
                                             Attorney for Synopsys, Inc.
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             1152 15th Street, N.W.
                                             Washington, D.C. 20005-1706
                                             Telephone:  (202) 339-8400
                                             Facsimile:  (202) 339-8500
                                             jburke@orrick.com

                                             OF COUNSEL:

                                             I. Neel Chatterjee (*pro hac vice* admission pending)
                                             Attorney for Synopsys, Inc.
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             1000 Marsh Road
                                             Menlo Park, CA 94025-2025
                                             Telephone:  (650) 614-7400
                                             Facsimile:  (650) 614-7401
                                             nchatterjee@orrick.com


                                             Robert Loeb (*pro hac vice* admission pending)
                                             Attorney for Synopsys, Inc.
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             1152 15th Street, N.W.
                                             Washington, D.C. 20005-1706
                                             Telephone:  (202) 339-8400
                                             Facsimile:  (202) 339-8500
                                             rloeb@orrick.com

                                             Adya Baker (*pro hac vice* admission pending)
                                             Attorney for Synopsys, Inc.
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             51 West 52nd Street
                                             New York, NY 10019-6142
                                             Telephone:  (212) 506-5000
                                             Facsimile:  (212) 506-5151
                                             asbaker@orrick.com