IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SYNOPSYS, INC.,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )    1:14cv674 (JCC/IDD)
                                         )
MICHELLE K. LEE, Deputy Under            )
Secretary of Commerce for                )
Intellectual Property and                )
Deputy Director of the United            )
States Patent and Trademark              )
Office, serving in the Acting            )
Capacity as Director of the              )
United States Patent and                 )
Trademark Office, et al.,                )
                                         )
        Defendants.                      )

**M E M O R A N D U M   O P I N I O N**

Plaintiff Synopsys, Inc. ("Synopsys") filed this

declaratory judgment action pursuant to the Administrative

Procedure Act ("APA") against Defendants Michelle K. Lee, the

Deputy Under Secretary of Commerce for Intellectual Property and

Deputy Director of the United States Patent and Trademark Office

("USPTO"), serving in her acting capacity as Director of the

USPTO ("the Director"), and the USPTO (together with the

Director, collectively, "Defendants").  This matter comes before

the Court on the Defendants' Motion to Dismiss pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure

("Motion").  [Dkt. 20]

1

Defendants' Motion concerns this Court's jurisdiction to review a USPTO post-patent-grant patentability decision. The issue before the Court is whether the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284, precludes this Court's review of a USPTO decision to institute "partial" inter partes review proceedings, and to ultimately issue a final written decision on some, but not all, of the challenged claims originally raised by the petitioner. The Court holds that it lacks jurisdiction to review Plaintiff's APA claims because Congress vested exclusive jurisdiction over such judicial review in the United States Court of Appeals for the Federal Circuit. For the reasons discussed below, the Court will dismiss Synopsys's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## I.  Background

On May 29, 2001, the USPTO granted Patent Number 6,240,376 ("the '376 patent") to assignee Mentor Graphics Corporation ("Mentor"), an intervening Defendant in this matter. (Compl. [Dkt. 1] ¶¶ 13, 14; Order Granting Mot. to Intervene [Dkt. 25].) Under the AIA, there are two administrative mechanisms by which the USPTO reviews the patentability of issued patents: inter partes review, 35 U.S.C. §§ 311-319, and post-grant review, 35 U.S.C. §§ 321-329. On September 26, 2012, Synopsys filed a petition for inter partes review of the '376

patent challenging claims 1-15 and 20-33 of the '376 patent as allegedly "invalid due to anticipation (lack of novelty) and obviousness." (Compl. ¶ 15.)

On February 22, 2013, the Patent Trial and Appeal Board ("the Board") granted Synopsys's petition for inter partes review, but only as to claims 1-9, 11, 28, and 29, because the Board found that Synopsys had "demonstrated that there is a reasonable likelihood of prevailing on its challenge to the patentability [of those claims]." (Compl. ¶ 16; Institution of Inter Partes Review ("Institution Decision") [Dkt. 1-3] at 43.) The Board did not institute inter partes review proceedings as to the remaining claims challenged by Synopsys: 10, 12-15, 20-27, and 30-33.  (Compl. ¶ 17; Institution Decision at 43.)

On April 29, 2013, Mentor, the owner of the patent, filed suit against the USPTO in this Court.  Mentor sought (1) judicial review of the Board's decision to institute partial inter partes review and (2) to enjoin the partial inter partes review proceeding.  Synopsys intervened in that lawsuit as a defendant, opposed Mentor's requested relief, and filed a motion to dismiss, as did USPTO.  The Court granted the motion to dismiss.  The Court found, first, that the Board's decision to institute inter partes review was not a final agency decision and thus not reviewable under the APA.  Second, the Court found that it lacked jurisdiction to review the Board's decision because

3

Mentor had another adequate remedy available in the Federal Circuit. See Mentor Graphics Corp. v. Rea, No. 1:13-cv-518, 2013 WL 3874522 (E.D. Va. July 25, 2013).

The Board issued the final written decision on Synopsys's inter partes petition on February 19, 2014 and cancelled claims 5, 8, and 9 of the '376 patent as unpatentable. (Compl. ¶ 18.)  Otherwise, the Board found that Synopsys failed to show that claims 1-4, 6, 7, 11, 28, 29, were unpatentable, and did not address Synopsys's challenge to claims 10, 12-15, 20-27, and 30-33.  (Id. ¶¶ 18, 19.) On April 22, 2014, Synopsys noticed an appeal of the Board's final written decision to the Federal Circuit.[1]  (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") Ex. C [Dkt. 21-3].)  On June 5, 2014, Synopsys filed this Complaint, alleging Defendants violated the APA. (Compl. ¶¶ 23-40.)

Specifically, Synopsys claims that the Director exceeded the statutory authority prescribed by Congress in 35 U.S.C. §§ 314(a), 318(a) when she promulgated 37 C.F.R. § 42.108 ("the regulation"), which authorizes the Board to institute inter partes review "on all or some of the challenged claims and on all or some of the grounds of unpatentability asserted for each

---

[1] This appeal has been stayed, pending the outcome of the appeal in Versata v. Lee, where Plaintiff appealed this Court's dismissal, which held that the AIA precludes judicial review under the APA of the decision to initiate post-grant review.  Versata Dev. Corp. v. Rea, 959 F. Supp. 2d 912, 923-26 (E.D. Va. 2013).  Versata is scheduled for oral argument in the Federal Circuit on October 8, 2014.

claim." (Compl. ¶ 32.)  Synopsys argues that under AIA, if the Board "determined that Synopsys had a reasonable likelihood of success as to at least one claim challenged in the petition . . . the Board was required to institute inter partes review of the petition as a whole . . . [and] issue a written decision that addresses the patentability of all claims challenged by the petition, not just a subset of those claims." (Id. ¶ 30 (citing 35 U.S.C. §§ 314(a), 318(a)).)  By partially granting petitions for inter partes review, and by issuing final written decisions that only address some, but not all, of the petitioner's challenged claims, Synopsys contends that the Director acted unlawfully in excess of statutory authority.[2]  For relief, Synopsys asks this Court to declare the regulation, and any actions taken in accordance with the regulation, including the final written decision, invalid pursuant to 5 U.S.C. § 706. Synopsys also asks for a declaration that the Board may only grant or deny inter partes petitions in whole, and only issue final written decisions that address all challenged claims raised by the petitioner.  (Id. ¶¶ 32, 36, 38, 40, at 11.)

Defendants argue that the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court is without jurisdiction to consider those

---

[2] Synopsys also claims that Defendants acted arbitrarily and contrary to law in violation of 5 U.S.C. § 706(2)(A), and refused to observe the procedure required by the AIA in violation of 5 U.S.C. § 706(2)(D).  (Compl. ¶¶ 23-40.)

claims.  Synopsys filed a memorandum in opposition to Defendants'

Motion, (Pl.'s Opp'n. [Dkt. 24].), and Defendants replied,

(Defs.' Reply [Dkt. 28].).   Thus, the Motion is fully briefed and

ripe for disposition.[3]

## II.   Standard of Review

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs the

dismissal of an action where the Court lacks subject matter

jurisdiction.   Defendants may attack subject matter jurisdiction

in one of two ways.   First, defendants may contend that the

allegations in the complaint are insufficient to show that the

federal district court has jurisdiction over the subject matter

of the case.   See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.

1982); King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779,

780 (E.D. Va. 2002).   In such instances, all facts alleged in the

complaint are presumed true.   Adams, 697 F.2d at 1219; Virginia

v. United States, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue, as is the case

here, that the jurisdictional facts alleged in the complaint are

untrue.   Adams, 697 F.2d at 1219; King, 211 F. Supp. 2d at 780.

---

[3] On September 4, 2014, non-party SAS Institute, Inc. filed a motion for leave
to file an amicus curiae brief in support of Synopsys's position, [Dkt. 30].
The Court granted the motion during oral argument on September 11, 2014, and
set a briefing schedule for Defendant's response and SAS Institute, Inc.'s
reply.   The additional briefing is now complete and was considered by the
Court.   See Tafas v. Dudas, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) ("The
Court has broad discretion in deciding whether to allow a non-party to
participate as an amicus curiae."); see also [Dkts. 30, 40, 41].

Stated differently, defendants may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," White v. CMA Const. Co., Inc., 947 F. Supp. 231, 233 (E.D. Va. 1996) (citations omitted), and claim that the district court actually lacks jurisdiction over the subject matter, an independent defect that may exist even with sufficient pleading. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" Virginia v. United States, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993)).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219; see also Johnson v. Portfolio Recovery Assocs., 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

B.  Rule 12(b)(6)

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion

7

tests the legal sufficiency of the complaint.  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff.  See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

### III. Analysis

The APA "is not a jurisdiction-conferring statute." Dominion Dealer Solutions, LLC v. Lee, No. 3:13-cv-699, 2014 WL 1572061, at *2 (E.D. Va. Apr. 18, 2014) (quoting Lee v. Citizenship and Immigration Servs., 592 F.3d 612, 619 (4th Cir. 2010)) (additional citations omitted).  The "APA confers a general cause of action to obtain judicial review of agency action through the mechanism of 5 U.S.C. § 702 . . . [but] the jurisdictional source for an action under the APA is the federal question statute, which confers jurisdiction on federal courts to review agency action."  Dominion Dealer Solutions, 2014 WL 1572061 at *2 (internal quotation marks and additional citations omitted).  Under the APA, "[a]ny person adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof, as long as the action is a final agency action for which there is no other adequate remedy in a court." Heckler v. Chaney, 470 U.S. 821, 828 (1985) (internal citations and quotations

omitted).  But this general cause of action comes with limitations.

Before the Court can review a final agency action under the APA, the aggrieved party seeking review must "first clear the hurdle of § 701(a)," id., which states in pertinent part that judicial review applies "except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1); see also City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958) ("It can hardly be doubted that Congress, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had.").  This limitation can "effectively strip the federal courts of jurisdiction and provide valid grounds for a Rule 12(b)(1) motion."  Dominion Dealer Solutions, 2014 WL 1572061 at *2 (citing Wade v. Blue, 36 F.3d 407, 411 n.2 (4th Cir. 2004) ("[A] specific limitation of federal court jurisdiction . . . overrides the general grant of federal jurisdiction [in the federal question statute].")).

Section 701(a)(1) "requires construction of the substantive statute involved to determine whether Congress intended to preclude judicial review of certain decisions." Heckler, 470 U.S. at 828.  "[T]he ultimate analysis is always one of Congress' intent." S. Ry. Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 454 (1979); see also Dunlop v. Bachowski,

9

421 U.S. 560, 567 (1975) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 141 (1967) ("Only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review."))(internal quotations and additional citations omitted).  While there is a presumption that favors judicial review of administrative action, "[t]his presumption, like all presumptions used in interpreting statutes, may be overcome by specific language or specific legislative history that is a reliable indicator of congressional intent." Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349 (1984). Congress's intent to preclude judicial review "is determined not only from its express [statutory] language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved."  Id. at 345.

        Here, the Court examines the AIA to determine whether Congress intended to preclude judicial review of inter partes review proceedings in this Court.  As discussed in more detail below, the express statutory language and the legislative history of the AIA show by clear and convincing evidence that Congress intended to vest the Federal Circuit with exclusive jurisdiction over judicial review of post-grant patentability decisions made by the Board on behalf of the Director.  To conclude otherwise

would defeat Congress's intent to improve the efficiency of the post-grant patentability review process.

## A. The AIA Precludes Judicial Review

"To determine whether a particular statute precludes judicial review, we look to its express language, the structure of the statutory scheme, its legislative history and purpose, and the nature of the administrative action involved." Pregis Corp. v. Kappos, 700 F.3d 1348, 1357-58 (Fed. Cir. 2012) (citing Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984)).  The Court begins its analysis with the plain language used by Congress in the AIA.

The Director is tasked with "prescrib[ing] regulations" for conducting inter partes review, see generally 35 U.S.C. § 316(a), including regulations that "establish[] and govern[] inter partes review under this chapter and the relationship of such review to other proceedings under this title." Id. § 316(a)(4).  "[A] person who is not the owner of a patent may file with the [USPTO] a petition to institute an inter partes review of the patent."  35 U.S.C. § 311.  Among other requirements, the petitioner must identify in writing each claim challenged, and the grounds for the challenge with evidentiary support.  Id. § 312(a).  After giving the owner of the patent an opportunity to respond to the petition, id. § 313, the Director first must make the threshold determination of whether to institute inter partes

11

review proceedings.  Specifically,

> [t]he Director may not authorize inter partes review to be instituted unless the Director determines that the information presented in the petition . . . and any response filed . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.

Id. § 314(a).  This determination "whether to institute an inter partes review under this section shall be final and nonappealable."  Id. § 314(d).

"If an inter partes review is instituted and not dismissed under this chapter, the [Board][4] shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)."  Id. § 318(a).  And while the threshold decision to institute inter partes review is final and nonappealable, "[a] party to an inter partes review or a post-grant review who is dissatisfied with the final written decision of the [Board] . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."  Id. §§ 141(c), 319.

Defendants argue that Congress created a carefully calibrated statutory scheme governing the procedures for how an inter partes review decision may be challenged in court: "only final written decisions on patentability may be challenged, 35

---

[4] "The Patent Trial and Appeal Board shall, in accordance with section 6, conduct each inter partes review instituted under this chapter."  35 U.S.C. § 316(c).

U.S.C. § 319; decisions to initiate inter partes review may <u>not</u>
be challenged, <u>id.</u> § 314(d); final decisions may be challenged
only in the Federal Circuit, <u>id.</u> § 141(c); and any party may
appeal, <u>id.</u>"  (Defs.' Mem. at 14-15 (emphasis in original).)[5]

In response, Synopsys acknowledges that Congress
expressly precluded judicial review on the merits of the
Director's decision whether to grant inter partes review in
section 314(d), and precluded this Court's judicial review on the
merits of the Board's final written decision in section 141(c),
but argues that the statute does not preclude review of its
claim: "a challenge to a USPTO regulation regarding the process
for inter partes review."  (Pl.'s Opp'n at 17-18.)  Synopsys
claims "[n]o evidence suggests that Congress sought to immunize
from review the type of challenge to the USPTO's regulation and
practices [of instituting partial inter partes review and issuing
partial final written decisions] at issue here."  (<u>Id.</u> at 17.)

The "preeminent canon of statutory interpretation
requires [courts] to 'presume that the legislature says in a
statute what it means and means in a statute what it says
there.'"  <u>BedRoc Ltd., LLC v. United States</u>, 541 U.S. 176, 183

---

[5] Synopsys raised a similar, if not identical, argument when it intervened as
a defendant in Mentor's lawsuit last year, Case No. 1:13-cv-518, which was
ultimately dismissed, 2013 WL 3874522.  (Defs.' Mem. at 14-15 (citing
Intervenor-Def. Synopsys's Mem. in Supp. of the Mot. to Dismiss and Cross-Mot.
for Summ. J. [Dkt. 21-1]).)  Synopsys attempts to distinguish this challenge
from Mentor's lawsuit, arguing "Mentor sought review of the merits of a
decision by the Board to institute proceedings.  Review of such claims is
expressly barred. Synopsys's Complaint, in contrast, is not directed to the
merits of the Board's action."  (Pl.'s Opp'n at 7-8.)

(2004) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)).  In the AIA, Congress explicitly barred appeals from the threshold determination to institute inter partes review.  See 35 U.S.C. § 314(d) ("The determination by the Director . . . shall be final and nonappealable."); see also Versata Dev. Corp. v. Rea, 959 F. Supp. 2d 912, 923-26 (E.D. Va. 2013) (holding the AIA precludes judicial review under the APA of the decision to initiate post-grant review).  And Congress clearly vested judicial review of final agency action exclusively in the Federal Circuit: "A party to an inter partes review . . . who is dissatisfied with the final written decision of the [Board] . . . may appeal the Board's decision only to the . . . Federal Circuit."  35 U.S.C. §§ 141(c), 319 (emphasis added).

Here, Synopsys is dissatisfied with the Board's final written decision.  More precisely, first, it is dissatisfied that the Board only instituted inter partes review on some of its challenged claims.  But this threshold determination is not appealable or reviewable under the plain language of the statute. 35 U.S.C. § 314(d).  Second, Synopsys is dissatisfied with the Board's final written decision, because the Board only addressed and ultimately canceled some, but not all, of the challenged

claims.[6]  As a party that is dissatisfied with the final written decision, the statute clearly dictates that Synopsys's appeal lies only with the Federal Circuit.  In other words, because only final agency action is reviewable under the APA, <u>Flue-Cured Tobacco Cooperative Stabilization Corp. v. United States Environmental Protection Agency</u>, 313 F.3d 852, 857 (4th Cir. 2002) ("Other than agency action made specifically reviewable by statute, § 704 limits the APA's non-statutory right of judicial review to final agency action." (citing 5 U.S.C. § 704), and because the plain language of the statute vests exclusive jurisdiction over judicial review of the Board's final written decision in the Federal Circuit, 35 U.S.C. §§ 141(c), 319, this Court is precluded from reviewing the appeal.

Recognizing this plain mandate of Congress, Synopsys narrowly frames its claim in an attempt to create jurisdiction in this Court.  Specifically, Synopsys challenges the regulation that authorizes partial inter partes review proceedings and partial final written decisions.  The plain language of the

---

[6] Under 35 U.S.C. § 318(a), if inter partes review is instituted, the "Board shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)."  Synopsys interprets the statutory provision "any patent claim challenged by the petitioner" to mean "all patent claim[s] challenged by the petitioner." (Pl.'s Opp'n at 15.) ("The practice denies the petitioner the statutory right under [] 35 U.S.C. § 318(a) to a written decision as to all of its claims and, relatedly, deprives the petitioner of the right to judicial review of the Board's decision regarding the patentability of certain challenged claims.").  While not pertinent to the Court's instant analysis in determining whether judicial review is precluded, the Court notes that "any" in the context of "any patent claim challenged by the petitioner" is plainly defined as "[o]ne, some, every, or all without specification."  The American Heritage Dictionary 83 (Anne H. Soukhanov et al. eds., 3d ed. 1992).

statute does not affirmatively vest, nor does it affirmatively preclude, such judicial review in this Court.  But in consideration of "the structure of the statutory scheme, its legislative history and purpose, and the nature of the administrative action involved," Pregis, 700 F.3d at 1357-58 ("A statute need not explicitly state that judicial review is unavailable for preclusion to be found.") (citation omitted), the Court finds that Congress intended to preclude the type of judicial review that Synopsys seeks.  This outcome is supported by the AIA's plain language and legislative history.

By enacting the AIA, Congress intended to improve the efficiency of the post-grant patentability review process.  See H.R. Rep. No. 112-98(I), at 39 (2011) ("The legislation is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.").  In furtherance of this goal, Congress intended parties to only appeal inter partes review decisions directly to the Federal Circuit.  See 157 Cong. Rec. S1376 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl) ("The bill also eliminates intermediate administrative appeals of inter partes proceedings to the BPAI, instead allowing parties to only appeal directly to the Federal Circuit.").  It is clear that Congress intended the AIA to produce "a more effective and efficient patent system," Id. at S1361 (statement of Sen. Leahy)

16

("The last extensive reform of our patent system was nearly 60 years ago.  It is time.").

If the Court were to deny Defendants' Motion, the Court would effectively create a bifurcated judicial review system, where district courts could adjudicate some post-grant patentability claims, while other claims could be appealed directly to the Federal Circuit.  Such a system is contrary to the plain statutory language and inefficient, directly the opposite of what Congress intended when enacting the AIA.  The legislative history simply does not support such an outcome, and other courts have looked upon bifurcated judicial review systems with disfavor when Congress has created a special statutory review procedure.  See City of Rochester v. Bond, 603 F.2d 927, 936 (D.C. Cir. 1979) ("The policy behind having a special review procedure in the first place similarly disfavors bifurcating jurisdiction over various substantive grounds between district court and the courts of appeals.").  Allowing Synopsys's Complaint to continue would defeat Congress's clear intent.

Nonetheless, Synopsys argues that this Court can review its narrow challenge to the Defendants' regulation and practice in accordance with the regulation, as opposed to the merits of substantive decisions made by the Defendants. (Pl.'s Opp'n at 18-23.)  For support, Synopsys relies on McNary v. Haitian Refugee Center, 498 U.S. 479 (1991) and Bowen v. Michigan Academy of

Family Physicians, 476 U.S. 667 (1986), where the Supreme Court
"distinguished between suits seeking a substantive decision on
the merits of the agency's determination regarding particular
claims and those that challenge an agency's practices and
policies . . . ." (Pl.'s Opp'n at 19-20.)  But this argument must
be raised before the Federal Circuit, the Court with exclusive
jurisdiction over Synopsys's appeal of the final written
decision.  Stated differently, this Court does not have
jurisdiction to consider Synopsys's narrow challenge.  See St.
Jude Medical, Cardiology Div., Inc. v. Volcano Corp., 749 F.3d
1373, 1374 (Fed. Cir. 2014) ("The final written decision is the
only decision that the statute authorizes a dissatisfied party to
appeal to this court.").

     Moreover, Synopsys claims that the AIA is crafted to
favor the proposed judicial review that it seeks, but cites no
statutory language or legislative history in support, (Pl.'s
Opp'n at 21.), likely because the legislative history, discussed
above, does not favor judicial review in this Court.  Cf.
Dominion Dealer Solutions, 2014 WL 1572061, at *6 ("The AIA is a
young statute, and Congress has not yet taken the opportunity to
signal its approval or disapproval of any judicial gloss on the
[inter partes review] revisions.  But the legislative history for
the AIA itself does not indicate a statutory scheme that would
disfavor preclusion; if anything, the legislative history offers

18

mild support to the notion that a decision to deny [inter partes review] is precluded from judicial review."). Instead, Synopsys argues only that if judicial review is denied here, "there will be no check on the agency." (Id.) That argument contradicts the plain language and structure of the statute. "It can hardly be doubted that Congress . . . may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958) (emphasis added). The AIA provides that dissatisfied parties to inter partes review may only appeal to the Federal Circuit.[7] Congress designed AIA's statutory framework to promote efficiency and safeguard the rights of patent owners. 157 Cong. Rec. S1361-62 ("It will improve and harmonize operations at the PTO; it will improve the quality of patents that are issued; and it will provide more certainty to litigation.") (daily ed. Mar. 8, 2011) (statement of Sen. Leahy). The statutory procedure for inter partes review and direct appeal only to the Federal Circuit promotes this desired efficiency.

Lastly, Federal Circuit precedent also supports this outcome. Shortly after the enactment of the AIA, the Federal

---

[7] Alternatively, as discussed in more detail infra, sec. III.B., "a judicial remedy is adequate for purposes of 5 U.S.C. § 704 even if it does not 'provide relief identical to the relief under the APA, so long as it offers relief of the 'same genre.'" Pregis Corp. v. Kappos, 700 F.3d 1348, 1360 (Fed. Cir. 2012) (quoting Garcia v. Vilsack, 563 F.3d 519, 523 (D.C. Cir. 2009)).

Circuit opined on an analogous issue of statutory preclusion of APA claims under the Patent Act.  Even though the AIA did not govern the appeal, the Federal Circuit explicitly stated:

> Because at all times relevant to this appeal the provisions of the AIA governing post-grant review had not yet taken effect, this opinion discusses the Patent Act as it existed prior to the AIA.  Nevertheless, the fact that Congress has prescribed detailed new procedures for administrative and judicial review of issued patents <u>reinforces the conclusion that Congress intended to preclude other avenues of judicial review</u>.

<u>Id.</u> at 1358 n.1 (emphasis added).  "[T]he carefully balanced framework of the Patent Act specifies a well-defined process for how, when, where, and by whom [US]PTO patentability determinations may be challenged."  <u>Pregis Corp. v. Kappos</u>, 700 F.3d 1348, 1359 (Fed. Cir. 2012).  In <u>Pregis</u>, among other issues, the Federal Circuit affirmed this Court's dismissal of Pregis's APA claims for lack of subject matter jurisdiction, finding the Patent Act precluded judicial review of patentability decisions under the APA.  <u>Id.</u> at 1357-59.  The Federal Circuit found that Congress created "several mechanisms by which third parties may challenge the [US]PTO's decision to issue a patent," and that this "carefully balanced framework" precluded judicial review in this Court for claims brought under the APA.  <u>Id.</u> at 1358-59. The Federal Circuit's analysis is instructive and leads to the logical conclusion here that Congress precluded Synopsys's

proposed judicial review under the APA in this Court.

The Court finds the AIA's plain language and the legislative history demonstrates by clear and convincing evidence that Congress intended to preclude this Court from reviewing inter partes proceedings under the APA, 5 U.S.C. § 701(a)(1). Therefore, the Court will dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See Dominion Dealer Solutions, 2014 WL 1572061 at *2 ("These limitations have the potential to effectively strip the federal courts of jurisdiction and provide valid grounds for a Rule 12(b)(1) motion.") (citing Wade v. Blue, 36 F.3d 407, 411 n.2 (4th Cir. 2004)).

B. Alternative Ground for Dismissal

Alternatively, even if Synopsys cleared the hurdle of section 701(a)(1), which it did not, the Court finds that the AIA provides an alternative adequate remedy in the Federal Circuit, thus barring judicial review in this Court.  See 5 U.S.C. § 704. Synopsys argues that it cannot challenge the regulation and partial institution of inter partes review on appeal to the Federal Circuit because that court "has been strict in adhering to the rule and, accordingly, rejects any claim that goes beyond the four corners of the 'final written decision.'"  (Pl.'s Opp'n at 23 (citing St. Jude Med., Cardiology Div., Inc. v. Volcano Corp., 749 F.3d 1373, 1374 (Fed. Cir. 2014) ("[T]he final written

21

decision is the only decision that the statute authorizes a dissatisfied party to appeal [to the Federal Circuit].")).) However, "a judicial remedy is adequate for purposes of 5 U.S.C. § 704 even if it does not 'provide relief identical to the relief under the APA, so long as it offers relief of the 'same genre.'" Pregis Corp. v. Kappos, 700 F.3d 1348, 1360 (Fed. Cir. 2012) (quoting Garcia v. Vilsack, 563 F.3d 519, 523 (D.C. Cir. 2009)).

The scope of the Federal Circuit's judicial review does not modify or somehow alter Congress's grant of exclusive jurisdiction to that court.  Synopsys's argument is properly addressed to the Federal Circuit, the only court with jurisdiction over an appeal from the final written decision in an inter partes review proceeding.  Because an adequate alternative remedy is available, the Court would dismiss the Complaint on this basis in the alternative.  Mentor Graphics Corp. v. Rea, No. 1:13-cv-518, *3 (E.D. Va. July 25, 2013) ("Congress has chosen an adequate alternative remedy allowing for direct Federal Circuit review at the culmination of the [Board] proceedings to streamline the review process while maintaining the parties' full rights to judicial review.").

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.

An appropriate Order shall issue.

22

/s/
_____

October 9, 2014                        James C. Cacheris
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE